Bellacosa, J.
(dissenting). I dissent and vote to affirm the order of the Appellate Division upholding the constitutionality of the State Commissioner of Education’s AIDS Education Program (8 NYCRR 135.3 [b] [2]; [c] [2]) as applied to plaintiffs. Essentially for the reasons expressed in the Per Curiam opinion of the Appellate Division, its order modifying the Supreme Court’s grant of summary judgment to defendants dismissing the lawsuit as unfounded should be sustained.
The Commissioner’s mandatory AIDS Health Education Program, approved by the State Board of Regents, is vital and valid. The regulation at issue requires all primary and secondary school students to receive: "[Appropriate instruction concerning * * * AIDS * * * Such instruction shall be designed to provide accurate information to pupils concerning the nature of the disease, methods of transmission, and methods of prevention [and] shall stress abstinence as the most appropriate and effective premarital protection against AIDS (8 NYCRR 135.3 [b] [2]; [c] [2]).” The regulation further provides that students may be excused from a lesson or lessons upon a parent’s written assurance that suitable home instruction will be substituted. Plaintiffs’ children have availed themselves of this procedural entitlement and were excused from five les *139 sons. In this litigation they press for a total exclusion for themselves, and presumably on precedential application for other persons or groups who may seek exemption on constitutional freedom of religious expression grounds.
The simple landscape on which this controversy is viewed includes the conceded compelling State interest of educational instruction in the transmission and prevention of a public health menace — the AIDS epidemic — and the pervasive, voluntary integration of the Brethren believers in work, education and dwelling within their chosen general community. Indisputably then, this is not a Yoder case (Wisconsin v Yoder, 406 US 205). It is not at all like that case, and even is distinguishable in a constitutionally crucial respect — here, plaintiffs’ children were granted a substantial exemption pursuant to the challenged regulation itself, which also authorizes that flexible outlet.
The majority recognizes (majority opn, at 126), as the United States Supreme Court has taught, that Yoder is an extraordinarily exceptional dispensation from the primacy of a universal public educational curriculum — in this case, a primacy enhanced by the urgency of a rampant public health problem, thus far apparently controllable only by educational means. Fragmentation of the curriculum, especially in this area, and segmentation of the student population are not warranted and plaintiffs have not advanced sufficient proof, within the summary judgment rubric, to withstand the defendant Commissioner’s record presentations of a dominant, compelling State interest.
The essential "factual dispute”, forming the primary premise for this court’s rationale upsetting the lower courts’ grant of summary judgment to the Commissioner of Education, springs from an assertion by plaintiffs that they have "minimal” contacts in the community and from a claimed sufficient relatedness to Yoder (supra). Denominating their claims as fact issues, however, cannot so facilely justify this inconclusive procedural remedy not even sought by plaintiffs, because the claims are facially and evidentially, in the summary judgment sense, belied by the realities and the record. The Brethren’s conceded participation in the community, especially in the core relevant category of the students’ otherwise full involvement in their public school education, is substantial, not "minimal”. Moreover, these primary attributes of community, i.e., work, school and dwelling, cannot be diminished or denied *140 just because the Brethren find it "not feasible * * * to do otherwise.” (Majority opn, at 127.) The facts are the facts for whatever reason — and if undeniable, they are not triable. Indeed, some categories of cases are, for transcendent jurisprudential and policy reasons, particularly suitable to summary judgment resolution (see, Immuno AG. v Moor-Jankowski, 74 NY2d 548, 561). This is such a case and such a category, and the record supports only that relief in my view.
In complete context, the plaintiff Brethren’s quest, based on their sincere and free exercise of religious beliefs under the First Amendment to the United States Constitution, cannot therefore prevail on this record because no genuine, triable issues of fact are evident. Plaintiffs are not entitled to the trial the majority affords them, nor the summary judgment which Judge Titone would grant. Rather, the constitutionality of the State Education Commissioner’s AIDS Education Program should be upheld as both lower courts have ruled and the children should get on with their full and necessary education.
Chief Judge Wachtler and Judges Simons, Alexander and Hancock, Jr., concur with Judge Kaye; Judge Titone dissents and votes to reverse in a separate opinion; Judge Bellacosa dissents and votes to affirm in another opinion.
Order modified, with costs to plaintiffs, by denying defendants’ motions for summary judgment and, as so modified, affirmed.